UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN EDWARD LEWIS,

        Plaintiff,

v.

NANETTE JOYNER LEWIS COLEMAN, et al.,

        Defendants.

CASE NO. 3:20-CV-5276-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: July 10, 2020

Plaintiff Justin Edward Lewis, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Presently pending before the Court is Plaintiff's Declaration and Application to Procced *In Forma Pauperis* and Written Consent for Payment of Costs by a Prisoner Bringing a Civil Action ("Motion to Proceed IFP"). Dkt. 6. Having reviewed and screened Plaintiff's Proposed Amended Complaint under 28 U.S.C. § 1915A, the Court concludes Plaintiff has failed to state a claim for which relief can be granted. Accordingly, the Court recommends the Motion to Proceed IFP be denied and the Proposed Amended Complaint be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

## I. Background

Plaintiff, who is housed at the Thurston County Jail, alleges his rights are being violated by Defendants Nanette Marie Joyner Lewis Coleman, Shadonna Marie Smithson Gates, and Dina Marie Tonneson. Dkt. 8. He states Defendants have stolen his money and have taken actions that resulted in a loss of his life, liberty, and property. *Id*.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff must also plead facts showing the defendants were acting under color of state law. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

1    Here, Plaintiff has not alleged facts sufficient to show Defendants were state actors acting
2    under the color of state law. Rather, based on the allegations in the Proposed Amended Complaint,
3    Defendants are private citizens. *See* Dkt. 8. "Generally, private persons cannot be liable under
4    section 1983 unless their actions were 'clothed' with governmental authority." *Goehring v. Wright*,
5    858 F.Supp. 989, 997 (N.D. Cal. 1994); *see Peng v. Mei Chin Penghu*, 225 F.3d 970, 980 (9th Cir.
6    2003). Defendants allegedly stole Plaintiff's money and have attempted to harm Plaintiff's
7    reputation. Dkt. 8. There are no allegations Defendants are state actors or that their actions were
8    "clothed with governmental authority." Therefore, Defendants cannot be liable under § 1983.

9    Further, Plaintiff appears to allege these Defendants have violated the law and request they
10   be prosecuted. *See* Dkt. 8. "[T]he decision to file criminal charges is solely within the authority
11   of prosecutors[.]" *Johnson v. U.S.*, 2014 WL 2621359, *5 (N.D. Cal. June 12, 2014); *Linda R.S.*
12   *v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest
13   in the prosecution or nonprosecution of another"); *Protect the Peninsula's Future v. City of Port*
14   *Angeles*, 175 Wash. App. 201, 213-14 (2013) ("the power to prosecute criminal acts is vested in
15   public prosecutors"). As the decision to prosecute Defendants is solely within the purview of the
16   state prosecutor's office, Plaintiff cannot seek to compel this Court or a prosecutor's office to
17   bring criminal charges against Defendants. Therefore, Plaintiff has failed to state a claim for
18   which relief can be granted as to this claim.

19   **III.    Leave to Amend**

20   The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must
21   have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they
22   cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).
23   Plaintiff has been allowed to amend his Proposed Complaint and the Court instructed Plaintiff
24

regarding the deficiencies of his Proposed Complaint, which are still present in the Proposed Amended Complaint. *See* Dkt. 1-1, 7, 8. The Court also instructed Plaintiff that he must allege facts showing how individually named defendants were state actors acting under color of state law. *Id*. The Court finds Plaintiff has failed to allege facts sufficient to show Defendants are liable under § 1983 and has not requested relief upon which this Court can grant. Furthermore, as Defendants are not state actors, the Court finds it is clear from the Proposed Amended Complaint that Plaintiff cannot overcome the deficiencies of his Proposed Amended Complaint by amendment. Accordingly, the Court recommends Plaintiff not be given additional leave to amend. *See Mack v. California*, 2016 WL 7877391, at * 16 (C.D. Cal. Aug. 9, 2019) (finding an amendment would be futile when defendant was not a state actor); *Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

**IV.   Conclusion**

For the above stated reasons, the undersigned recommends Plaintiff's Motion for IFP (Dkt. 6) be denied and the Proposed Amended Complaint be dismissed without prejudice for failure to state a claim. As Plaintiff has failed to state a claim upon which relief can be granted, the Court also recommends this dismissal count as a strike. *See* 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

REPORT AND RECOMMENDATION - 4

1  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

2  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

3  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July

4  10, 2020, as noted in the caption.

5        Dated this 12th day of June, 2020.

                                              David W. Christel
                                              United States Magistrate Judge